UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

DONNA ERRICHETTI,

Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

Defendant.

______________________________________)

**COMPLAINT**

The Plaintiff, DONNA ERRICHETTI ("ERRICHETTI"), by and through her undersigned counsel, hereby sues THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132(f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. ERRICHETTI brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. ERRICHETTI was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. PRUDENTIAL is a corporation with its principal place of business in the State of New Jersey, authorized to transact and is transacting business in the Southern District of

Florida and can be found in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132(e)(2), in that the defendants are authorized to and are doing business within the Southern District of Florida, to wit the Defendant can be found in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to ERRICHETTI by PRUDENTIAL.

6. ERRICHETTI was at all times material an employee of JP Morgan Chase Bank N.A. ("JP Morgan").

7. ERRICHETTI was at all times material a plan participant under the JP Morgan Long Term Disability Plan, Group Policy No. G-50684-DE (the "LTD Plan") which was established by Willis North America, Inc., and pursuant to which ERRICHETTI is entitled to benefits. A copy of the LTD Plan and Summary Plan Description contained in the PRUDENTIAL claim file has been attached as Composite Exhibit "A".

8. The LTD Plan is an employee welfare benefits plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. The LTD Plan is underwritten and provided by PRUDENTIAL.

10. As the decision maker and payor of plan benefits, PRUDENTIAL administered the claim under a conflict of interest and the bias this created affected the claims determination. As such, Defendant is not entitled to a deferential standard of review.

11. PRUDENTIAL is the Fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on ERRICHETTI'S claim at issue.

12. Pursuant to the terms and conditions of the LTD Plan, ERRICHETTI is entitled to LTD

benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

13. According to the LTD Plan,

> **How Does Prudential Define Disability?**
>
> You are disabled when Prudential determines that:
>
> - you are unable to perform the ***material and substantial duties*** of your ***regular occupation*** due to your ***sickness*** or ***injury***; and
> - you are under the ***regular care*** of a ***doctor***; and
> - you have a 20% or more loss in your ***monthly earnings*** due to that sickness or injury.
>
> After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:
>
> - you are unable to perform the duties of any ***gainful occupation*** for which you are reasonably fitted by education, training or experience; and
> - you are under the regular care of a doctor.

14. At all relevant times ERRICHETTI has complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

15. Since on or about April 16, 2012, ERRICHETTI has been disabled under the terms of the LTD Plan.

16. At all relevant times ERRICHETTI has been under the regular care of a doctor.

17. At all relevant times, ERRICHETTI was a Covered Person under the LTD Plan.

18. Shortly after becoming disabled under the terms of the LTD Plan, ERRICHETTI made a claim to PRUDENTIAL for LTD benefits.

19. PRUDENTIAL initially approved ERRICHETTI'S claim for LTD benefits, with benefits commencing on or about October 13, 2012, following the applicable 180 day elimination period.

20. On or about December 3, 2015, ERRICHETTI received a letter from PRUDENTIAL informing her that effective December 4, 2015, she would no longer be receiving long-

term disability benefits and that it had closed her claim.

21. On or about April 25, 2016 ERRICHETTI properly appealed PRUDENTIAL'S adverse determination.

22. By letter dated July 13, 2016, PRUDENTIAL informed ERRICHETTI that it was upholding its decision to terminate her claim for LTD benefits.

23. From December 3, 2015 to the present date, ERRICHETTI has not received benefits owed to her under the LTD Plan, despite ERRICHETTI'S right to these benefits.

24. PRUDENTIAL has refused to pay ERRICHETTI any benefits under the LTD Plan since December 3, 2015.

25. At all relevant times, PRUDENTIAL was the payor of benefits.

26. At all relevant times, PRUDENTIAL was the "Insurance Company" identified throughout the LTD Plan.

27. At all relevant times, PRUDENTIAL was the claims Administrator.

28. At all relevant times, ERRICHETTI has been and remains Disabled and entitled to LTD benefits from PRUDENTIAL under the terms of the LTD Plan.

29. ERRICHETTI has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

30. ERRICHETTI incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

32. Pursuant to 29 U.S.C. §1132(a)(1)(B), ERRICHETTI, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

33. ERRICHETTI has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of PRUDENTIAL'S failure to pay her disability benefits.

34. ERRICHETTI has exhausted all administrative remedies under the LTD Plan.

35. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to ERRICHETTI at a time when PRUDENTIAL knew, or should have known, that ERRICHETTI was entitled to those benefits under the terms of the LTD Plan, as ERRICHETTI was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of ERRICHETTI'S claim for LTD benefits;

(c) PRUDENTIAL failed to properly and adequately investigate the merits of ERRICHETTI'S disability claim and failed to provide a full and fair review of ERRICHETTI'S claim.

36. ERRICHETTI believes and thereon alleges that PRUDENTIAL wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which ERRICHETTI is presently unaware, but which may be discovered in this future litigation and which ERRICHETTI will immediately make PRUDENTIAL aware of once said acts or omissions are discovered by ERRICHETTI.

37. Following the termination of benefits under the LTD Plan, ERRICHETTI exhausted all administrative remedies required under ERISA, and ERRICHETTI has performed all duties and obligations on her part to be performed under the LTD Plan.

38. As a proximate result of the aforementioned wrongful conduct of PRUDENTIAL, ERRICHETTI has damages for loss of disability benefits in a total sum to be shown at the time of trial.

39. As a further direct and proximate result of this improper determination regarding ERRICHETTI'S claim for benefits, ERRICHETTI, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), ERRICHETTI is entitled to have such fees and costs paid by PRUDENTIAL.

40. The wrongful conduct of PRUDENTIAL has created uncertainty where none should exist; therefore, ERRICHETTI is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, DONNA ERRICHETTI prays for relief against THE PRUDENTIAL INSURANCE COMPANY OF AMERICA as follows:

1. Payment of disability benefits due Plaintiff;
2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*/s/ Cesar Gavidia*
CESAR GAVIDIA, ESQ.
Florida Bar No.: 015263
Email: cesar@diattorney.com
GREGORY M. DELL, ESQ.
Florida Bar No.: 299560
Email: gdell@diattorney.com